IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Lawrence L. Ingram, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:24-cv-06559-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Doyet A. Early, III, J. Christopher Wilson, Warden Willie Davis, Courtney Bennett, Officer Adkinson, Department of Probation, United States of America, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Lawrence Ingram, proceeding *pro se* and *in forma pauperis*, (ECF No. 12), filed a complaint in this court naming Judge Doyet A. Early, III and J. Christopher Wilson as defendants. (ECF No. 1). The matter was automatically referred to a magistrate judge for pretrial handling pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). The magistrate judge issued an order, noting a number of deficiencies in Plaintiff's complaint and setting forth the necessary steps for Plaintiff to bring his case into proper form. (ECF No. 5). In response, Plaintiff filed an amended complaint, which, in addition to Defendant Judge Early and Defendant Wilson, names Warden Willie Davis, Courtney Bennett, Officer Adkinson, the Department of Probation, and the United States of America as defendants. (ECF No. 8). Now before the court is the magistrate judge's report and recommendation ("Report"), recommending the court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. (ECF No. 13). Though Plaintiff filed his objections after the deadline set forth in the Report, (ECF Nos. 16, 18), the court has reviewed them out of an abundance of caution.

1

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report **to which a specific objection** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also

be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

As stated in the Report, "Plaintiff pled guilty to charges of kidnapping . . . and carjacking in May 2007 . . . and was sentenced to seventeen years' imprisonment as to each count (concurrent sentences)." (ECF No. 13). Plaintiff was also added to the sex offender registry, but his name has since been removed from it.[1] In his amended complaint, Plaintiff claims his attorney, Defendant Wilson, coerced him into pleading guilty and that Defendant Wilson and Defendant Judge Early committed gross negligence in "misinterpret[ing] [the] statute." (ECF No. 8 at 2-3). He further alleges he was defamed by being placed on the sex offender registry and that Courtney Bennett with the Department of Probation failed to properly investigate why he was placed on the registry as "[t]here was nothing sexual to the crime." *Id.* at 2. The only factual allegations raised against Defendant Davis and Defendant Adkinson are as follows:

Defendant, Warden Willie Davis and Officer Adkinson being required to register

---

[1] (ECF No. 16-2 at 12); South Carolina State Law Enforcement Division, Name Search https://scor.sled.sc.gov/SearchOffender.aspx (last visited November 18, 2025).

3

> as a sex offender can also have an impact on an individual's parental rights, including child custody. Where their failure to contest the validity or the carrier if then is admissible. 527 F.2d 1119-1120 (1975). Plaintiff never received personal property in order for plaintiff to responded back after PCR been denied Jan. 28, 2014[.]

*Id*.

Plaintiff brings a claim for defamation as well as an "unfair methods of competition" claim under the Federal Trade Commission Act. (ECF No. 8 at 3). Plaintiff also makes reference to a number of constitutional violations, but he does not allege any facts as to how *his* constitutional rights were allegedly violated or indicate which defendant violated those rights. *Id*. at 4-5. Plaintiff seeks various forms of damages for relief. *Id*. at 6.

In her thorough and well-reasoned Report, the magistrate judge recommends the court dismiss this action without prejudice for multiple reasons, including: (1) that Plaintiff failed to state a claim upon which relief may be granted as "his pleadings fail to provide any specific facts to support a claim that any named Defendants violated his federal constitutional or statutory rights"; (2) that Plaintiff's claims for monetary damages that relate to his incarceration for his convictions and sentences for kidnapping and carjacking are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) that Defendant Judge Early is entitled to judicial immunity because Plaintiff's claims against him arise out of his judicial actions; (4) that Defendant Wilson is subject to dismissal from any § 1983 claim that could be gleaned from Plaintiff's amended complaint because Defendant Wilson is not a state actor; (5) that the defendants, as sued in their official capacities, are not "persons" subject to liability under § 1983; and (6) that, because Plaintiff has a asserted no valid federal claim and because there is no diversity jurisdiction, the court should not exercise supplemental jurisdiction over any state law claims Plaintiff may be attempting to raise in his complaint. (ECF No. 13 at 4-12).

Plaintiff filed what has been docketed as objections to the Report, (ECF No. 16), as well as a supplement to his objections, (ECF No. 18). However, nowhere in either filing does Plaintiff make any specific objection to any portion of the Report.[2] Nor does he make any additional allegation against any of the named defendants. Accordingly, since Plaintiff failed to make any specific objections to the Report, the court must only review the recommendation for clear error. Having found none, the court adopts the magistrate judge's recommendation. As Plaintiff has failed to state a federal claim upon which relief may be granted, the court declines to exercise supplemental jurisdiction over any state law claims he may be attempting to raise in his amended complaint.

## CONCLUSION

Having reviewed the Report, (ECF No. 13), under the appropriate standard, the court agrees with and adopts the magistrate judge's recommendation that this case be **DISMISSED without prejudice, without leave to amend, and without issuance and service of process**. Plaintiff's motion for entry of default and default judgment, (ECF No. 19), is **DENIED as moot.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
November 21, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] In fact, it is difficult to ascertain the relevance of some of the documents included in this filing. For example, Plaintiff includes a letter to the "Federalist Reserve" regarding "foreign intelligence surveillance," (ECF No. 16 at 2), and a judgment from a civil case that was pending in the United States District Court for the Central District of California, (ECF No. 16-2).